UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EBONY HOWARD, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00079-JDL |
| | ) | |
| IDEXX DISTRIBUTION INC., and | ) | |
| IDEXX LABORATORIES, INC., | ) | |
| | ) | |
| Defendants | ) | |

*RECOMMENDED DECISION ON MOTION TO DISMISS*

On May 5, 2020, the defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the plaintiffs' Fair Labor Standards Act ("FSLA") collective and class action complaint for failure to state a claim upon which relief can be granted. *See* Defendants' Motion to Dismiss Plaintiffs' Collective and Class Action Complaint ("Motion to Dismiss") (ECF No. 19). Because the plaintiffs filed an amended complaint as of right in response to that motion, superseding the original complaint, I recommend that the court deem the Motion to Dismiss moot.

**I. Discussion**

In their motion to dismiss, the defendants argued that the plaintiffs failed to state a claim pursuant to the FLSA because they did not adequately allege that each named plaintiff worked more than 40 hours in a given week or make clear which of the two named IDEXX defendants employed them. *See id.* at 4-6. In response, the plaintiffs filed an amended complaint, *see* First Amended Collective and Class Action Complaint with Jury Demand (ECF No. 20), accompanied by a brief in which they correctly noted that the filing of their amended complaint mooted the pending motion to dismiss, *see* Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim ("Response") (ECF No. 21).

1

As the plaintiffs point out, *see id*. at 1-2, "if [a] pleading is one to which a responsive pleading is required," "[a] party may amend its pleading once a matter of course within" the earlier of "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)," Fed. R. Civ. P. 15(a)(1)(B).  The complaint was a pleading to which a responsive pleading was required; in lieu of their answer, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion to dismiss was filed on May 5, 2020, *see* ECF No. 19, and the plaintiffs filed their amended complaint within 21 days thereafter, on May 26, 2020, *see* ECF No. 20.  Their amended complaint, hence, was filed as of right.

In turn, "[a]n amended complaint super[s]edes the original, which renders a pending motion to dismiss moot."  *Leeds v. BAE Sys.*, Civil No. 10-cv-109-JD, 2010 WL 2245941, at *1 (D.N.H. June 2, 2010); *see also, e.g., Connectu LLC v. Zuckerberg*, 522 F.3d 82, 96 (1st Cir. 2008) (amended complaint that was "filed *as of right* . . . became the operative complaint without judicial intervention") (emphasis in original).

The defendants do not contest the point.  Indeed, in lieu of filing a reply in support of their motion to dismiss, they filed a new motion to dismiss the amended complaint.  *See* Defendants' Motion to Partially Dismiss Plaintiffs' First Amended Collective and Class Action Complaint (ECF No. 22).

## II. Conclusion

For the foregoing reasons, I recommend that the court **DEEM** the Motion to Dismiss **MOOT**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14)*

*days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 5th day of July, 2020.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
