UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EBONY HOWARD, et al.,                  ) <br>                                            ) <br>         *Plaintiffs*             ) <br>                                            ) <br> v.                                           ) <br>                                            ) <br> IDEXX DISTRIBUTION, INC., et al.,    ) <br>                                            ) <br>         *Defendants*          ) | No. 2:20-cv-00079-JDL |

***RECOMMENDED DECISION AND ORDER ON MOTIONS TO AMEND, DISMISS***

At the conclusion of oral argument on August 25, 2020, I orally ruled on two pending, related motions, the Defendants' Motion to Partially Dismiss Plaintiffs' First Amended Collective and Class Action Complaint ("Second MTD") (ECF No. 22), and the Plaintiffs' Motion for Leave to File Second Amended Collective and Class Action Complaint ("Motion to Amend") (ECF No. 23), and recommended that the court grant the Motion to Amend, deem the Second MTD moot, and deny the defendants' request for sanctions, *see* ECF Nos. 31-32.[1]  I indicated that I would follow up with a written recommended decision, *see id*., and do so now.

### I.  Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

---

[1] Although "[a] motion to amend a complaint is a non-dispositive pretrial matter within the purview of Fed. R. Civ. P. 72(a)[,]" *Marical, Inc. v. Cooke Aquaculture, Inc*., 1:14-cv-00366-JDL, 2018 WL 1811288, at *2 (D. Me. Apr. 17, 2018), because, in this case, that motion is closely related to the motion to dismiss, a dispositive pretrial motion, *see* 28 U.S.C. § 636(b)(1), I have issued a recommended decision as to both.

etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996).

> The First Circuit has explained:
>
> A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

The plaintiffs filed the Motion to Amend on June 30, 2020, *see* Motion to Amend at 1, prior to the issuance of any scheduling order. Therefore, the liberal default rule applies.

## II.  Procedural and Factual Background

In lieu of filing an answer to the complaint, the defendants in this Fair Labor Standards Act ("FLSA") putative collective and class action filed a motion to dismiss, arguing that the complaint failed to state a claim pursuant to the FLSA because the then-sole named plaintiff, Ebony Howard, did not adequately allege that she worked more than 40 hours in a given week or make clear which of the two named IDEXX defendants employed her or other putative collective/class members. *See* Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint ("First MTD") (ECF No. 19) at 4-6. Howard, along with a second named plaintiff, Monique Tanaka, then filed a first amended complaint as of right. *See* First Amended Collective and Class

Action Complaint with Jury Demand ("FAC") (ECF No. 20). The court adopted my recommendation that it deem the First MTD moot in view of the filing of the FAC. *See* ECF Nos. 25, 28.

The defendants filed a motion to partially dismiss the FAC, arguing that, despite having been apprised of the deficiency, the plaintiffs still failed to allege that either one of them worked more than 40 hours in a workweek, warranting the dismissal with prejudice of their FLSA claim. *See* Second MTD at 5-6.[2] The plaintiffs oppose that motion but, in an abundance of caution, move pursuant to Federal Rule of Civil Procedure 15(a)(2) to file a second amended complaint ("SAC"). *See* Plaintiffs' Response in Opposition to Defendants' Motion to Partially Dismiss Plaintiffs' First Amended Collective and Class Action Complaint ("Opposition to Second MTD") (ECF No. 24) at 5-11; Motion to Amend. The defendants oppose the Motion to Amend. *See generally* Defendants' Opposition to Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Collective and Class Action Complaint ("Amend Opposition") (ECF No. 27).

### III. Discussion

At oral argument, the defendants' counsel clarified that his clients do not contend that the SAC fails to state a claim or is otherwise futile. The defendants, instead, oppose the amendment on the basis of the plaintiffs' asserted "repeated" failure to allege that one or both of them worked more than 40 hours in a workweek. *See id.* at 4. The plaintiffs dispute that the FAC fails to state an FLSA claim. *See* Opposition to Second MTD at 5-9.

However, even assuming *arguendo* that the FAC is fatally deficient, there was no "repeated" failure to cure a pleading deficiency following the allowance of an amendment. At

---

[2] The defendants do not seek dismissal of the plaintiffs' second claim, alleging violations of Nevada wage and hour laws. *See* FAC ¶¶ 73-83; Second MTD at 6.

most, the Motion to Amend represents a second bite at the apple, the plaintiffs having amended their complaint as of right in response to the First MTD.

Moreover, the instant motion to amend was filed at the beginning stages of this case, prior to the issuance of a scheduling order, in circumstances in which both sides have diligently moved this case along. The initial complaint was filed on March 5, 2020, the First MTD on May 5, 2020, the Second MTD on June 9, 2020, and the Motion to Amend on June 30, 2020. *See* ECF Nos. 1, 19, 22, 23. The liberal default rule applies, strongly counseling in favor of the grant of the motion. The defendants have not suggested that the plaintiffs acted in bad faith, and I find no evidence that they have.

These circumstances weigh strongly in favor of the grant of the Motion to Amend.

At oral argument, the defendants' counsel nonetheless argued that his clients had been prejudiced by the failure to cure the asserted pleading deficiency in response to the First MTD, both in the form of costs incurred to file an assertedly needless Second MTD and a further delay in the start of discovery, impeding their efforts to obtain information on plaintiff Howard's cell phone that might be permanently lost in view of the plaintiffs' counsel's representation that the phone was stolen. He contended that the "totality of the circumstances" militated in favor of the denial of the Motion to Amend (quoting *Old Town Util. & Tech. Park, LLC v. Consol. Edison Sols., Inc.*, 2:19-cv-00029-JDL, 2020 WL 2789794, at *3 (D. Me. May 29, 2020) (Levy, C.J.)), as well as the grant of the Second MTD, and an award of sanctions in the court's exercise of its inherent powers to manage a case.

In the alternative, although he acknowledged that the grant of the Motion to Amend would moot the defendants' Second MTD, *see, e.g., Leeds v. BAE Sys.*, Civil No. 10-cv-109-JD, 2010 WL 2245941, at *1 (D.N.H. June 2, 2010) ("An amended complaint super[s]edes the original,

which renders a pending motion to dismiss moot."), he requested that, if the court were to grant the Motion to Amend, it simultaneously grant the Second MTD and exercise its inherent power to award the sanction of attorney fees incurred in filing a needless second motion to dismiss.  *See also* Defendants' Reply in Support of Their Motion to Partially Dismiss Plaintiffs' First Amended Collective and Class Action Complaint (ECF No. 26) at 5.

I recommend that the court grant the Motion to Amend, deem the Second MTD moot, and decline to award sanctions.  Assuming, *arguendo*, that the FAC fails to state an FLSA claim for the reasons articulated by the defendants, the plaintiffs have not "repeatedly" failed to cure a pleading deficiency by previously-allowed amendments.  That the case remains in its early stages, during which the liberal default rule applies, and that the defendants concede the SAC is not futile, counsel strongly in favor of the allowance of the amendment.  Finally, neither the delay in the commencement of discovery caused by the instant motion practice nor the cost incurred in filing the Second MTD warrants the denial of the Motion to Amend or an award of sanctions.  The defendants do not contend that the plaintiffs were dilatory or acted in bad faith in engaging in the instant motion practice, and the parties sharply dispute whether the defendants' asserted difficulty in obtaining plaintiff Howard's cell phone information is attributable to any added delay in the commencement of discovery.  Here, as Chief Judge Levy found in *Soucie v. United States*, No. 1:14-cv-370-JDL, 2015 WL 127886, at *2 (D Me. Jan. 8, 2015), "I discern no basis to conclude that [the plaintiffs] should be denied the opportunity to amend [their] complaint in order to correctly state a claim, or that granting [the plaintiffs] that opportunity will cause substantial prejudice to the [defendants]."[3]

---

[3] *Old Town* is distinguishable in that the plaintiffs in that case "largely failed to identify and explain the import of the precise changes" made to their 112-page proposed second amended complaint, despite having been directed to do so by the court, unduly delayed seeking to file that complaint, and continued to fail to state a claim of violations of the
(*continued on next page*)

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the Motion to Amend, **DEEM** the Second MTD **MOOT**, and **DENY** the defendants' request to award sanctions.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of September, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

Racketeer Influenced and Corrupt Organization Act ("RICO"), rendering the complaint futile as to their RICO allegations.  *Old Town*, 2020 WL 2789794, at *4-7.